NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
JAMES C. HUGHES (CBN 263878)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-4961
    Facsimile: (213) 894-0115
    E-mail:   james.hughes2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-322-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION RE: SENTENCING OF DEFENDANT |
| v. | |
| MARC EDWARD MANI, | Hearing Date: September 17, 2018 |
| Defendant. | Hearing Time: 10:00 a.m. |
| | Courtroom: Courtroom 850 Roybal Federal Building and U.S. Courthouse 255 E. Temple Street Los Angeles, CA 90012 |

    Plaintiff, the United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, files the government's sentencing position for defendant MARC EDWARD MANI.

///

///

///

The government's sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report, and such further evidence and argument as the Court may permit.

Dated: September 4, 2018         Respectfully submitted,

                                 NICOLA T. HANNA
                                 United States Attorney

                                 THOMAS D. COKER
                                 Assistant United States Attorney
                                 Chief, Tax Division


                                         /S/
                                 _____
                                 JAMES C. HUGHES
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                              PAGE

TABLE OF CONTENTS..........................................................i

MEMORANDUM OF POINTS AND AUTHORITIES.......................................1

I.   INTRODUCTION..........................................................1

II.  OFFENSE CONDUCT.......................................................3

III. MOTION PURSUANT TO U.S.S.G. § 5K1.1...................................5

     A.   Applicable Law and Analysis.....................................5

IV.  APPROPRIATE GUIDELINE SENTENCING RANGE................................6

V.   RESTITUTION...........................................................7

VI.  SENTENCING RECOMMENDATION OF THE UNITED STATES OF AMERICA.............7

VII. CONCLUSION...........................................................10

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Marc Edward Mani ("defendant") is a 50 year old plastic surgeon practicing in Beverly Hills, California.  Over the years, defendant's work has brought him substantial commercial success and public renown, making defendant and his medical practice the subject of television programs and magazine articles.  (ECF No. 24 at ¶ 57).  Beginning in 2011, defendant expanded his practice to the United Arab Emirate of Dubai ("Dubai"), performing surgeries for a foreign medical center.  (Id. at ¶ 12).  As part of his international expansion, defendant opened a foreign bank account with Mashreq Bank in Dubai, where he deposited a portion of his foreign earned income (the "Dubai Account"). (Id. at ¶ 15).  Defendant subsequently liquidated the Dubai Account in 2013, but continued to receive income from performing surgeries in Dubai.  (Id.)  In total, between 2012 and 2014, defendant earned over $1,280,000 in surgical fees from his foreign practice.  (Id. at ¶ 20).  Unfortunately, despite repeated warnings from various tax professionals, defendant failed to report the vast majority of this income on his individual federal income tax returns.  (Id. at ¶¶ 18, 20).  Additionally, defendant willfully failed to file FBAR forms disclosing his interest in the Dubai Account during the 2012 and 2013 calendar years.  (Id. at ¶ 24).

On July 24, 2017, defendant pleaded guilty, pursuant to a cooperation plea agreement (ECF No. 8), to an Information filed on May 30, 2017 (ECF No. 1).  The Information charged defendant with willfully failing to file a report of foreign bank and financial accounts ("FBAR form"), in violation of 31 U.S.C. §§ 5314 and 5322(a)

and 31 C.F.R. §§ 1010.306(c), and 1010.306(d).  Under the terms of his plea agreement, defendant acknowledged that he had failed to correctly report his foreign income on his 2012-2014 tax returns, and that he had willfully failed to file FBAR forms disclosing his ownership and control of the Dubai Account in 2012 and 2013. (ECF No. 8, Attachment A at ¶¶ 12-17).  Defendant agreed to enter into closing agreements with the IRS resolving his civil tax liabilities for the 2012, 2013, and 2014 taxable years, and agreed to pay the resulting liabilities prior to sentencing.  (ECF No. 8 at ¶ 5(b)).  Defendant further agreed to pay penalties of $100,000 per year, prior to sentencing, for the years 2012 and 2013, based on his failure to file FBAR forms.  (Id. at ¶¶ 5(f), 5(g)).  Finally, defendant agreed that if he did not make the abovementioned payments prior to sentencing, restitution should be ordered against defendant in the amount of $637,878.  (Id. at ¶ 11).

The United States Probation Office issued its Presentence Report ("PSR") on July 30, 2018.  (ECF No. 24).  In the PSR, the Probation Office calculated a total offense level of 15 and a Criminal History Category of I, resulting in a guidelines range of 18-24 months.  (Id. at ¶¶ 29-40).  This calculation was based on the total loss amount agreed to in the plea agreement of $437,878.  (Id. at ¶ 31).  The Probation Office also determined that restitution should be ordered against defendant in the amount of $637,878.  (Id. at ¶ 92).

The government agrees with the offense level calculation contained in the PSR, but disagrees with the amount of restitution recommended by probation.  The government believes that restitution

should be set at $283,887.92. This lower amount takes account of partial payments made by defendant against his tax liabilities.

The government also moves pursuant to paragraph 7(d) of the plea agreement (ECF No. 8) for a two-level downward departure pursuant to United States Sentencing Guidelines ("U.S.S.G.) § 5K1.1, which brings the total offense level to 13. Based on an adjusted total offense level of 13 and a Criminal History Category of I, the resulting Guidelines sentencing range is 12-18 months imprisonment and a 1 to 3 year term of supervised release.

Bearing the abovementioned factors in mind, the government requests the Court impose a fourteen-month custodial sentence, to be followed by three years of supervised release, a restitution order in the amount of $336,525, and a $100 special assessment.

## II. OFFENSE CONDUCT

In 2011, defendant began traveling to Dubai to perform plastic surgery for a foreign medical center. (ECF No. 8, Attachment A ¶ 4). Subsequently, in November of that same year, defendant's previous accountant, Accountant 1, informed defendant that he would need to report any foreign income he earned on his U.S. federal income tax returns, and that defendant would also need to report to the IRS any foreign bank or financial accounts held under his ownership or control. (Id. at ¶ 5). Ultimately, defendant reported $52,620 of foreign-sourced income on his 2011 federal income tax return. (Id. at ¶ 6). Defendant subsequently ended his relationship with Accountant 1, and did not use Accountant 1 for the preparation of defendant's 2012 federal income tax return.

During the 2012, 2013, and 2014 calendar years, defendant continued to earn income by performing surgeries in Dubai. However,

defendant failed to fully report this income on his individual federal income tax returns.  In total, defendant omitted from his federal income tax returns the vast majority of the $1,280,000 in surgical fees that he earned, between 2012 and 2014, performing surgeries in Dubai.  (Id. at ¶ 12).

In addition to omitting foreign income from his tax returns, defendant also failed to make required financial disclosures regarding his foreign assets.  In 2012, defendant opened a foreign bank account ("the Dubai Account") with Mashreq Bank, a foreign financial institution based in Dubai, where he began depositing his foreign-earned income.  (Id. at ¶ 7).  By February 2013, defendant's Dubai Account held over $400,000 in foreign currency.  (Id.) Defendant subsequently liquidated the Dubai Account in 2013, and used the funds as part of the purchase price of a Beverly Hills residence. (ECF No. 24 at ¶ 15).  Despite being aware that he was required to disclose his interest in the Dubai Account, defendant willfully failed to file FBAR forms for the 2012 and 2013 calendar years.  (Id. at ¶ 24).

Defendant's concealment of his foreign income and assets was facilitated by his collaboration with accountant JB.  In 2013, defendant hired JB to prepare his 2012 federal income tax return. (ECF No. 8, Attachment A at ¶ 9).  Prior to hiring JB, defendant met with other accountants who each informed defendant that he was required to correctly report his foreign income and foreign financial assets.  (Id. at ¶ 10).  Defendant disregarded this advice, and subsequently used JB to prepare defendant's 2012, 2013, and 2014 federal tax returns.  (Id. at ¶¶ 10-11).  Returns which, as defendant

4

well knew, substantially understated his foreign-earned income. (Id. at ¶ 11).

In total, defendant's underreporting of his foreign income resulted in tax losses to the United States of approximately $437,878. (ECF No. 24 at ¶ 21).

**III. MOTION PURSUANT TO U.S.S.G. § 5K1.1**

    **A.   Applicable Law and Analysis**

Pursuant to the plea agreement, the government moves for a two-level downward departure under Section 5K1.1 of the Sentencing Guidelines based on defendant's provision of substantial assistance to the government. (ECF No. 8 at ¶ 7(d)). Under Section 5K1.1, the government may make a motion for a departure from the Guidelines range when "the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S.S.G. § 5K1.1. In determining the appropriate reduction, the Court may consider (1) the significance and usefulness of the defendant's assistance; (2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant; (3) the nature and extent of the assistance; (4) any risks defendant incurred in providing the assistance; and (5) the timeliness of the assistance. Id.

Defendant's assistance warrants a two-level departure under Section 5K1.1. Defendant conducted two proffers with the United States in furtherance of his efforts to cooperate. During these proffers, defendant provided the United States with information regarding his various interactions with his accountants. Notably, defendant provided information indicating that his previous

accountant, JB, was aware of defendant's unreported income for the years 2012 through 2014.

The government has no information that this cooperation put defendant in any danger.

For the reasons described above, pursuant to the Section 5K1.1 analysis above, and based on defendant's substantial assistance, defendant's assistance warrants a two-level downward departure. With this two-level downward departure, defendant's total offense level falls from 15 to 13.

**IV.  APPROPRIATE GUIDELINE SENTENCING RANGE**

In accordance and agreement with the calculations of both the plea agreement (ECF No. 8 at ¶ 24) and the PSR (ECF No. 24 at ¶¶ 29-40), the government believes that defendant should be sentenced within a sentencing range determined as follows, using the November 1, 2016 Guidelines Manual in effect on the date of defendant's scheduled September 17, 2018 sentencing:

```
 Base Offense Level:                 18   [U.S.S.G. §§ 2T2.1, 2T4.1]
 (Loss > $250,000)

 Acceptance of Responsibility       -3   [U.S.S.G. § 3E1.1.1]

 5K1.1 Departure based on
 substantial assistance:            -2

 Post-5K1.1 Offense Level:          13

 Criminal History Category (per PSR): I
======================================================================
Sentencing Range:                   12-18 months imprisonment
                                    1-3 years supervised release
```

Based on a total adjusted offense level of 13, and a Criminal History Category of I, the applicable Guidelines sentencing range in this case is 12-18 months imprisonment. Bearing in mind this calculation,

6

and the terms of the plea agreement, the government believes a sentence of 14-months imprisonment should be imposed on defendant.

**V.  RESTITUTION**

In the presentence report, the Probation Office recommended that the Court should order restitution against defendant in the amount of $637,878.  (ECF NO. 24 at ¶ 92).  The government believes that restitution should be limited to $283,887.92, in order to take account of partial tax payments made by defendant prior to the time of sentencing.  In the event defendant makes additional tax payments prior to the sentencing date in this case, the government will revise its restitution request accordingly.

**VI.  SENTENCING RECOMMENDATION OF THE UNITED STATES OF AMERICA**

18 U.S.C. § 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of defendant.  The provisions of this section further instruct that federal sentences should reflect the seriousness of the crime, promote respect for the law, and deter others from committing the same crime.  18 U.S.C. § 3553(a).  Consideration of these factors together weighs in favor of a substantial term of incarceration for defendant.  The government believes that a sentence of fourteen-months incarceration comports with these objectives.

Defendant's conduct is precisely the type of greed-motivated financial offense that warrants incarceration.  Defendant earned hundreds of thousands of dollars in income working in a foreign country, and deposited a large portion of this income in a foreign bank account. Defendant had a clear duty to report this income on his tax returns, and disclose his foreign bank account on an FBAR form. Indeed, defendant was explicitly warned, on multiple occasions and by

multiple individuals, that he had a legal duty to correctly report his foreign income and adequately disclose his foreign bank accounts. Defendant willfully ignored this obligation, filing false tax returns with the IRS and failing to file FBAR forms disclosing his Mashreq Account.  As a result, the United States suffered substantial tax losses. Such blatant disregard for the nation's financial laws and regulations requires significant punishment.

In addition, the government notes that a substantial term of incarceration is supported by pertinent policy statements stressing the need for deterrence in the arena of criminal tax prosecutions. Specifically, the introductory commentary to section 2T1.1. of the Sentencing Guidelines provides as follows:

> The criminal tax laws are designed to protect the public interest in preserving the integrity of the nation's tax system.  Criminal tax prosecutions serve to punish the violator and promote respect for the tax laws.  Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines. Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators.

U.S.S.G. 2T1.1 Introductory Commentary, November 2016.  This policy has in turn been upheld by the Ninth Circuit.  <u>United States v. Orlando</u>, 553 F.3d 1235 (9th Cir. 2009) (affirming an upward variance in a tax evasion case because it found that the guideline range "failed to capture tax crimes particular sensitivity to deterrence."); <u>United States v. Bragg</u>, 582 F.3d 965 (9th Cir. 2009)(Remanding to the district court a probationary sentence in a tax-crime case where the district court expressed doubt that deterrence works in tax cases and noting that "Congress, in enacting

the law, and the Sentencing Commission, in prescribing prison for tax offenses, set out a policy.")

While the offense to which defendant has pleaded guilty is not a tax offense, defendant has admitted, as part of his plea agreement, to filing false returns for the years 2012, 2013, and 2014. These returns omitted income that defendant earned in a foreign country, and thus believed was beyond the notice of the IRS. Accordingly, the abovementioned policy statements are clearly applicable to the current circumstances confronted by the Court.

Moreover, policy statements stressing the need for deterrence, apply with particular force in the context of foreign-earned income. Income generated outside of the United States frequently escapes the information reporting processes typically employed by the IRS to identify underreporting. Foreign third-party payors may not generate information returns (W-2, 1099, etc.) or be subject to the information gathering tools employed by the IRS. Accordingly, voluntary self-reporting of foreign income by United States taxpayers is particularly crucial, given the limited ability of the IRS to identify omitted income. Where, as here, a taxpayer makes the conscious decision to underreport his foreign income under the mistaken belief that such income may escape the notice of the IRS, and is subsequently discovered, it is crucial that the Court impose a sentence sufficient to deter others from engaging in similar criminal conduct. A significant sentence of imprisonment is imperative to this objective.

///

///

///

**VII. CONCLUSION**

For all the foregoing reasons, the government respectfully requests that the Court depart downward two levels with respect to defendant's offense level, based on defendant's cooperation, and respectfully submits that the factors set forth in 18 U.S.C. § 3553(a) support the imposition of a sentence that includes a 14-month term of imprisonment, a three-year period of supervised release, payment of a $100 special assessment, and payment of restitution to the United States of America in the amount of $283,887.92.

Dated:   September 4, 2018          Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, TAX Division

_____/S/_____
JAMES C. HUGHES
Assistant United States Attorneys